UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA SALDANA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 18-cv-01049-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 59, 61, 61-1 |

Pending before the Court are two motions to dismiss Plaintiffs Amelia Saldana and Jose G. Saldana Jr.'s first amended complaint. Dkt. No. 58 ("FAC"). The first was filed by Wells Fargo Bank, N.A. ("Wells Fargo") and the Bank of New York Mellon ("BNYM"). Dkt. No. 59 ("WF Mot."). The second was filed by U.S. Bank National Association ("US Bank"). Dkt. No. 61 ("US Bank Mot."). Also pending before the Court is US Bank's motion to strike portions of Plaintiffs' amended complaint related to punitive damages. Dkt. No. 61-1 ("Strike Mot."). Briefing on all motions is complete. *See* Dkt. Nos. 64 ("WF Opp."), 68 ("WF Reply"), 62 ("US Bank Opp."); 67 ("US Bank Reply"); 66 ("Strike Opp."); 67-1 ("Strike Reply").[1] After carefully considering the parties' arguments, the Court **GRANTS** the motions to dismiss and **DENIES AS MOOT** the motion to strike.[2]

---

[1] The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b).

[2] The Court detailed the factual background in its order dismissing the initial complaint, and incorporates those unchanged facts and legal analysis here. *See* Dkt. No. 49 ("Dismissal Order"). Also in the Dismissal Order, the Court granted Defendants' requests for judicial notice of documents not subject to reasonable dispute. *See* Dismissal Order at 1 n.1. Defendants again request that the Court take judicial notice of certain documents, and Plaintiffs do not oppose the request. *See* Dkt. No. 60, 61-2. The Court does not rely on these documents for this order, and therefore **DENIES AS MOOT** Defendants' renewed requests.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations and quotation marks omitted). But "where the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quotations and alteration omitted).

**II. DISCUSSION**

Plaintiffs bring six causes of action, each of which this Court previously dismissed with leave to amend: (1) Declaratory Relief; (2) Quiet Title; (3) Negligence; (4) Violation of California Business and Professions Code, § 17200 *et seq.*; (5) Unjust Enrichment (Quasi-Contract); and (6) Cancellation of Instruments. FAC ¶¶ 40–86. As the Court did in the Dismissal Order, it begins with an overarching defect in Plaintiffs' case.[3]

**A. Loan Securitization Theory**

The Court previously held that although Plaintiffs' loan securitization theory is a viable theory of liability, Plaintiffs failed to state a claim under that theory, and for two reasons. Dismissal Order at 5–8. First, the Court explained that it was not enough for Plaintiffs to allege that because Wells Fargo's predecessor-in-interest, World Savings Bank FSB ("World Savings"), securitized some loans, that it must have securitized the subject loan. *Id.* Second, the Court was concerned with Plaintiffs' characterization of language in World Savings's parent's Form 10-Q for the period ending June 30, 2006, from which Plaintiffs purportedly deduced that World Savings securitized their loan. *Id.* In rejecting Plaintiffs' reliance on their loan securitization theory, the Dismissal Order explained: "Should Plaintiffs submit an amended complaint that continues to rely on their loan securitization theory, they must plead some specific reasonable factual basis for asserting that the subject loan was not only one of the loans securitized by World Savings but also sold in such a way that World Savings alienated any and all interest in the subject loan, as Plaintiffs must allege to support a viable loan securitization theory." *Id.* at 8.

Plaintiffs failed to add allegations to the FAC that alter the Court's conclusion. In particular, the Court explained that any amended complaint must plead some specific reasonable factual basis for asserting that *their* loan was securitized by World Savings. *Id.* The only change Plaintiffs made in this respect is that the FAC claims the disputed Form 10-Q disclosed that World Savings's parent securitized "a large portion" of its residential mortgage loans. *See* FAC ¶ 9.

---

[3] The Court need not address whether Plaintiff Jose G. Saldana, Jr. lacks standing because the Court finds dismissal without leave to amend is warranted as to each cause of action on independently sufficient grounds.

3

That language does not constitute a "reasonable factual basis" that World Savings securitized the loan at issue in this case. And as the Court previously explained, the Court need not accept as true at the pleading stage such "unwarranted deduction[] of fact." *See* Dismissal Order at 8.

**B.     Declaratory Relief, Quiet Title, Unfair Competition Law, Unjust Enrichment, and Cancellation (Claims 1, 2, 4–6)**

As was true of the initial complaint, the amended complaint's first, second, fourth, fifth, and sixth claims all rely on the same factual predicate: World Savings purportedly sold the subject loan in 2006, alienating all interest in the loan and thus rendering void subsequent assignments to Wells Fargo and US Bank. *Compare* Compl. ¶¶ 44–58, 82–96, *with* FAC ¶¶ 40–54, 71–86. As was the case before, these claims are all derivative of—and fall based on—Plaintiffs' defectively-pled loan securitization theory. And Plaintiffs fail to cite any intervening authority that would merit a different result. Given Plaintiffs' repeated failures to state a cognizable claim for declaratory relief, quiet title, unfair competition law, unjust enrichment, and cancellation, the Court dismisses these claims without leave to amend. *See Zucco Partners, LLC*, 552 F.3d at 1007 ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (quotations and alteration omitted).

**C.     Negligence (Claim 3)**

The Court previously held that Plaintiffs failed to state a claim for negligent processing of the loan application of Ms. Saldana and her late husband. Dismissal Order at 10–11. In doing so, the Court emphasized Plaintiffs' failure to allege facts showing a duty of care or causation. *See id.* The Court read the Ninth Circuit's decision in *Anderson v. Deutsche Bank National Trust Co. Americas* to support dismissal of Plaintiffs' negligent processing claim, which is premised on an alleged failure to provide adequate information and providing unjustified explanations. *See id.* at 11; 649 Fed. Appx. 550, 552 (9th Cir. 2016).[4] As the Dismissal Order set forth, even viewing all allegations in the light most favorable to Plaintiffs, "any harm to Plaintiffs is not 'primarily

---

[4] As an unpublished Ninth Circuit decision, *Anderson* is not precedent, but can be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

attributable' to Wells Fargo's processing of the loan modification application." Dismissal Order at 11. "Rather, when, as here, 'the modification was necessary due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, is not . . . closely connected to the lender's conduct.'" *See Anderson*, 649 Fed. Appx. at 552 (quoting *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 820 (Ct. App. 2013) (alterations omitted)).

Again, Plaintiffs add no allegations to the FAC that alter the Court's prior conclusion. Plaintiffs also fail to cite any intervening authority that would merit a different result. Given Plaintiffs' repeated failures to state a cognizable claim for negligent negotiation of a loan modification, the Court dismisses this claim without leave to amend. *See Zucco Partners, LLC*, 552 F.3d at 1007 (9th Cir. 2009).

### III. CONCLUSION

The Court **GRANTS** Defendants' motions to dismiss Plaintiffs' FAC **WITHOUT LEAVE TO AMEND** as to all claims. Because the Court grants Defendants' motions to dismiss the operative complaint in its entirety, the Court **DENIES AS MOOT** US Bank's motion to strike portions of the initial complaint. *See* Dkt. No. 61-1. The clerk is directed to close the file.[5]

**IT IS SO ORDERED.**

Dated: 6/4/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[5] Plaintiffs ask that even if this Court finds the FAC deficient, that the Court at least grant further leave to amend "to add a cause of action for Wrongful Foreclosure based on the recent willfully oppressive and malicious foreclosure sale of Plaintiffs' home by US Bank." *See* WF Opp. at 17; *see also* US Bank Opp. at 13. But any wrongful foreclosure claim would also be derivative of Plaintiffs' defectively-pled loan securitization theory. *See* FAC ¶¶ 42, 47 (alleging the foreclosure was wrongful because respective entities did not hold good title on account of the loan securitization theory). The Court finds leave to amend to add claims based on a twice defectively-pled theory is unwarranted.

5